UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BONNIE LYNNE STROMBERG,<br><br>    Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 15-cv-04719-JST<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND DENYING AS MOOT MOTION TO STAY DISCOVERY**<br><br>Re: ECF Nos. 125, 137 |

Before the Court is Defendant Ocwen Loan Servicing, LLC's ("Ocwen") motion for leave to file a motion for reconsideration of the Court's order denying its motion to dismiss, ECF No. 125, and Ocwen's related motion to stay discovery pending resolution of its motion for reconsideration, ECF No. 137. Plaintiff Bonnie Lynne Stromberg and Defendant Morgan Stanley Private Bank, N.A. ("Morgan Stanley") have each filed oppositions to the motion for reconsideration.[1] ECF Nos. 132, 133. The Court will deny the motion for reconsideration, and deny the motion to stay discovery as moot.

## I. LEGAL STANDARD

Local Rule 7-9 provides that a party moving for leave to file a motion for reconsideration must show:

---

[1] In the Court's August 7, 2017 order setting briefing on the reconsideration motion, the Court granted Plaintiff leave to file a response to Ocwen's motion, but inadvertently failed to provide Morgan Stanley the same opportunity. ECF No. 126. Morgan Stanley filed a response anyway. ECF No. 132. Ocwen then filed an "objection and reply" to Morgan Stanley's opposition. ECF No. 138. However, rather than simply objecting to Morgan Stanley's submission, Ocwen provided additional substantive argument in support of its motion that the Court did not authorize. In view of the ambiguity created by the Court's order setting briefing, the Court will consider both Morgan Stanley's opposition and Ocwen's reply. However, the Court cautions all parties going forward to strictly comply with the Court's orders and obtain leave of court before submitting additional argument not explicitly permitted by the Local Rules or Court order.

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). "[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" Circle Click Media LLC v. Regus Mgmt. Grp. LLC, No. 12-CV-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" Id. (quoting 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

## II. DISCUSSION

Ocwen contends that, in denying its motion to dismiss under Rule 12(b)(6), the Court erred when it "concluded that Plaintiff adequately pleaded that Ocwen is the assignee of the beneficiary on Plaintiff's deed of trust." ECF No. 125 at 2. Ocwen argues that the Court failed to consider both "material facts [and] dispositive legal arguments" – namely, the judicially-noticed chain of title documents that purportedly show Ocwen was not named as a beneficiary on the deed of trust, and California case law that, according to Ocwen, limits liability under California Civil Code Section 2941 to trustees and beneficiaries of the deed of trust. See id.; Civil L.R. 7-9(b)(3).

The Court disagrees. First, the Court already considered and rejected Ocwen's argument that it cannot be liable under Section 2941 because it is neither a beneficiary nor assignee on the deed of trust. ECF No. 61 at 19 (Ocwen arguing that it could not be liable because "Ocwen was not the beneficiary, or assignee of the beneficiary, under the DOT [Deed of Trust]"); ECF No. 113 at 19 (noting Plaintiff's acknowledgment that "Defendant Ocwen was not the lender on Plaintiff's

2

Loan or an investor to whom the Deed of Trust was formally assigned."). In doing so, the Court took judicial notice of, and considered, the chain of title documents. See ECF No. 113 at 5. A motion for reconsideration is not a vehicle to re-assert arguments already considered and rejected in an earlier order. Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered.").

Second, the Court sees no legal error in its conclusion. After reviewing the relevant California law, the Court held that only beneficiaries and assignees could be liable under Section 2941(b), and that Ocwen could not be liable solely in its capacity as a loan servicer. ECF No. 113 at 20. However, the Court concluded that "Plaintiff plausibly allege[d] that Ocwen is liable as an 'assignee' of the beneficiary." ECF No. 113 at 20. In reaching this conclusion, the Court relied on "a February 2015 letter that Ocwen sent to Stromberg after payoff, in which Ocwen stated that 'recordation of [the lien release document] also makes it a matter of public record that Ocwen no longer claims any interest in the above property with respect to the loan.'" Id., quoting ECF No. 58-4, Ex. 4. In disclaiming any interest in the loan, Ocwen admitted that it previously had some interest in the loan. The Court found this "admission" to be sufficient to be sufficient to plausibly show that Ocwen was an "assignee of the beneficiary" under Section 2941(b).

Though Ocwen asserts that "ownership of the note, or an interest therein, does not make one the 'beneficiary,'" ECF No. 125 at 9, it does not cite any authority that clearly articulates this principle. Indeed, in its earlier order, the Court, after close consideration of "the statute's [Section 2941(b)] text, remedial purpose, and interpretation by California courts, . . . construe[d] 'beneficiary' to include both the beneficiary of record and the purported owner of the loan at the time of repayment . . . ." ECF No. 113 at 18. Ocwen points to no error in the Court's analysis. The cases Ocwen cites showing that "[l]oan servicing does not translate into a property right over the loan or in the property itself" are irrelevant, as the Court did not hold that Ocwen's status as a loan servicer was, in and of itself, an interest in the property giving rise to liability under Section 2941(b). Instead, the Court relied on Ocwen's admission that it had some interest in the loan, and concluded that, in the absence of a more developed factual record, Plaintiff had adequately

3

1  that Ocwen was an assignee of the beneficiary of the loan. The Court acknowledged in its order
2  that this was a close issue, and that "a more developed factual record may ultimately fail to
3  support Ocwen's assignee status . . . ." ECF No. 113 at 20. But at this stage of the case, the Court
4  "must accept the plaintiffs' allegations as true and construe them in the light most favorable to
5  plaintiffs, and . . . a dismissal [is] inappropriate unless the plaintiffs' complaint fails to state a
6  claim to relief that is plausible on its face." City of Dearborn Heights Act 345 Police & Fire Ret.
7  Sys. v. Align Tech., Inc., 856 F.3d 605, 612 (9th Cir. 2017) (internal quotation omitted).

Ultimately, Ocwen's "motion is nothing more than a thinly veiled expression of its disagreement with the Court's prior order," and "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision.'" Verinata Health, Inc. v. Sequenom, Inc., No. 12-CV-00865-SI, 2015 WL 2120540, at *1 (N.D. Cal. May 5, 2015) (quoting United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)). Because Ocwen has failed to show a "manifest failure by the Court to consider material facts or dispositive legal arguments," Civil L.R. 7-9(b)(3), the Court will deny its motion for leave to file a motion for reconsideration.

On August 16, 2017, Ocwen moved to stay discovery on the grounds that "it would be unduly burdensome for it to respond to discovery that Plaintiff has propounded until the Court resolves its Motion for Reconsideration." ECF No. 137 at 2. As the Court will deny Ocwen's motion for leave to file a motion for reconsideration, the Court will also deny Ocwen's motion to stay as moot.

**CONCLUSION**

Ocwen's motions for leave to file a motion for reconsideration, ECF No. 125, and to stay discovery, ECF No. 137, are denied.

**IT IS SO ORDERED.**

Dated: August 30, 2017

						_____
						JON S. TIGAR
						United States District Judge